**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PAMELA A. GHASTER *et al.*, | ) | CASE NO:  1:11CV1422 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| CITY OF ROCKY RIVER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | Doc. No. 3 |

This case is before the magistrate judge on referral.  Before the court is the motion
of defendants City of Rocky River ("Rocky River"), Donald Wagner ("Wagner"), Carl
Gulas ("Gulas"), Andrew Bemer ("Bemer"), and Michael O'Shea ("O'Shea") to dismiss
plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. No. 6.  Plaintiffs, Pamela
A. Ghaster ("Ghaster") and Earl Ghaster ("E. Ghaster"), oppose defendants' motion.
Doc. No. 7.  For the reasons given below, the magistrate judge recommends that
defendants' motion be (1) GRANTED as to count one, alleging a wrongful search and
seizure (property) in violation of the Fourth Amendment, with respect to all individual
defendants except a John Doe police officer and Gulas, and DENIED as to a John Doe
police officer and Gulas; (2) GRANTED as to count one, alleging a wrongful seizure of

the person (arrest) in violation of the Fourth Amendment, with respect to all defendants;

(3) GRANTED as to count two, alleging malicious prosecution in violation of the Fourth

Amendment, with respect to all defendants; (4) GRANTED as to count three, alleging

violation of Ghaster's First Amendment rights, with respect to all individual defendants;

and (5) DENIED as to count four, alleging municipal liability for Rocky River pursuant to

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), with the issue of

liability remaining only with respect to the seizure of Ghaster's cell phone by a John Doe

police officer and for an unlawful search resulting from Gulas's allegedly false

statements to secure a warrant to search the cell phone.  Accordingly, only count one

against a John Doe police officer and Gulas and count four against Rocky River would

survive.

I.

The complaint alleges that on September 6, 2007, Rocky River charged Ghaster

with two counts of disorderly conduct for allegedly yelling "coarse and abusive

language."  According to plaintiffs, a neighbor called Ghaster "a vulgar name for a

female body part," to which Ghaster responded by calling her neighbor "fat boy" and

"little dick."  Complaint at 5.  Ghaster was charged with two counts of misdemeanor

disorderly conduct, based on the allegation that Ghaster's remarks had been heard by

two neighbors.  Plaintiffs allege that the prosecutor did not present the charge to a

grand jury and that there was no probable cause to believe a crime had been committed

because Ghaster's speech was protected by the First Amendment.  Plaintiffs further

allege that the prosecutor dismissed the charges on the day of trial.

Plaintiffs also allege that on September 11, 2007, Rocky River charged Ghaster

-2-

with making false alarms and disorderly conduct, both misdemeanor offenses.  Plaintiffs

contend that Ghaster discovered from public records that the boyfriend of a neighbor

had a police record and that there was an outstanding warrant for his arrest.  Ghaster

told this to another neighbor, who in turn told additional neighbors "but embellished the

story."  Complaint at 6.  According to plaintiffs, police investigated this incident without

talking to the neighbor to whom Ghaster first gave the information.  Plaintiffs again

allege that O'Shea did not present the charge to a grand jury, that there was no

probable cause to believe a crime had been committed because Ghaster's speech was

protected by the First Amendment, and that O'Shea dismissed both charges on the day

of trial.

        During the period in which the above incidents occurred, Ghaster was tried and

convicted of menacing by stalking, obstruction of official business, and intimidation of a

witness.  She was sentenced to and served more than six months' in jail.  Ghaster

further alleges that Rocky River also charged her with other offenses that either resulted

in acquittals or dismissals.

        Ghaster alleges that after she was arrested, a Rocky River police officer

approached E. Ghaster and told him that Ghaster had requested her cell phone and that

she would be allowed to use the phone.  E. Ghaster gave the officer the phone.

According to Ghaster, Gulas then swore out a false affidavit, swearing that he had

reason to believe that the phone contained evidence of a plan by Ghaster to violate a

restraining order.  Ghaster alleges that Gulas later admitted under oath that he had no

reasonable cause to believe this.  Plaintiffs also allege that Gulas stated in his affidavit

that Ghaster had "on numerous occasions" sent faxes to the Rocky River Police, Rocky

River Prosecutor's office, and the City of Rocky River about Laurie Rauser, even though he had no evidence that Ghaster had sent such faxes.  Finally, plaintiffs allege that Gulas stated in his affidavit that plaintiff's cell phone had been given to police voluntarily even though he knew that it had been obtained under false pretenses.  The allegedly false affidavit was used to obtain a search warrant, and the police searched Ghaster's phone.  They did not find any evidence of wrongdoing.

Ghaster further alleges that in addition to initiating and continuing criminal prosecutions against her without probable cause, one or more defendants also left documents containing Ghaster's private information, including her social security number and information documenting her work as an informant for other law enforcement agencies, in a box of records made available to the public for inspection; and published in public court records private law enforcement records regarding Ghaster.  In addition, Ghaster alleges the following:

1.      Bemer and private citizens attempted to persuade a witness, Ed Abel ("Abel"), not to testify on Ghaster's behalf in a criminal proceeding, and Bremer offered to bring Abel to the police station to explain why he was on the "wrong side of the issue."  Complaint at 8.  According to plaintiffs, Abel took this as an attempt to intimidate him from testifying;

2.      An unknown Rocky River police officer examined Ghaster's medical records without permission while Ghaster was hospitalized and in police custody;

3.      Rocky River refused to investigate instances of vandalism of plaintiffs' property;

4.      Rocky River refused to arrest, hold, or identify an individual they found trespassing on plaintiffs' property;

5.      Rocky River, Bemer, Wagner, and O'Shea failed to investigate instances of individuals attempting to tamper with witnesses for the plaintiffs in criminal matters;

6.      After attempts to intimidate the plaintiffs' witnesses were made public, O'Shea sent an e-mail to Gulas and Wagner, saying, "I need to put a lid on this ASAP';

7.      An anonymous letter alleged that O'Shea, Wagner, and other Rocky River officials encouraged citizens to send anonymous threatening letters to and about the plaintiffs to get them to move;

8.      O'Shea stepped outside his capacity as a prosecutor to serve as an administrator and investigator in assembling cases against plaintiffs.  This included e-mailing Bemer, Gulas, and Wagner to "put a lid on" allegations of witness intimidation,  and telling Gulas not to bring to court documents that plaintiffs had subpoenaed; and

9.      O'Shea and Bemer received an anonymous letter from a group calling itself "Villagers of South Island," alleging that the writers were working in co-operation with the Rocky River police and prosecutor to monitor Ghaster's comings and goings.

Ghaster asserts that these acts violated her constitutional rights, including her right to be prosecuted only upon probable cause, her First Amendment right to free speech, and her Fourth Amendment right to be free of unreasonable searches and seizures.

-5-

Ghaster alleges that defendants wrongfully conspired to violate these rights.[1]

On September 8, 2009, plaintiffs filed a complaint against the defendants in this court.  *See Ghaster, et al. v. City of Rocky River, et al.*, Case No. 1:09-cv-2080 (2010).  The complaint asserted against the individual defendants pursuant to 42 U.S.C. § 1983 ("§ 1983") causes of action for unreasonable searches and seizures in violation of the Fourth Amendment, a violation of Ghaster's free speech rights under the First Amendment, state and federal actions for malicious prosecution, and state law actions for invasion of privacy, abuse of process, intentional infliction of emotional distress, and civil conspiracy.  Plaintiffs also asserted liability against Rocky River pursuant to § 1983 and *Monell.*

Defendants moved to dismiss the complaint.  On July 13, 2010, the court found that the federal allegations failed to state a claim plausible on its face and dismissed those claims without prejudice.  The court declined to exercise supplemental jurisdiction over the state claims and dismissed plaintiffs' claims without prejudice.

On July 12, 2011, plaintiffs initiated the present action against the defendants.  In their complaint, plaintiffs assert against the individual defendants, pursuant to § 1983,

---

[1] The allegations enumerated in items 1-9, *supra*, pp. 4-5, are not directly tied to any alleged constitutional violation independent of the claimed unlawful prosecution, search and seizure, and First Amendment claims.  While these allegations may possibly show motive or provide some background facts, they do not, in and of themselves, support a constitutional claim.  For example, the court is unaware of any *constitutional right* that requires a governmental entity to investigate a crime or interview witnesses, or that protects an individual from many of the other acts alleged.  While these may or may not give rise to state claims, they are not sufficient to sustain a claim under § 1983.  Accordingly, the court views these allegations as mere background to the claims set forth in count one (unlawful search and seizure), count two (malicious prosecution), and count three (violation of First Amendment rights).

causes of action for unreasonable searches and seizures in violation of the Fourth Amendment, a violation of Ghaster's free speech rights under the First Amendment, and malicious prosecution.  Plaintiffs again assert liability against Rocky River pursuant to § 1983 and *Monell*.  Defendants now move to dismiss plaintiffs' claims pursuant to R. 12(b)(6).

II.

A.  *Motions to Dismiss Pursuant to R. 12(b)(6)*

In deciding a motion to dismiss under R. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic Corp. v.*] *Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.,* at 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.,* at 556, 127 S. Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).  According to the

-7-

Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth*, 499 F.3d at 541 (quoting *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)).  That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

Plausibility requires more than facts which permit the mere possibility of liability. Rather, plaintiff must plead sufficient facts to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (internal quotation marks omitted).  A plaintiff who pleads facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).

B.    *Alleged Constitutional Violations Pursuant to § 1983*

Plaintiffs bring their federal claims pursuant to § 1983.  Section 1983 allows individuals to "interpose the federal courts between the States and the people, as guardians of the people's federal rights -- to protect the people from unconstitutional action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. City of Parma*

-8-

*Heights,* 437 F.3d 527, 533 (6th Cir. 2006)).  Defendants do not dispute that the individual defendants were acting under color of state law.

III.

The court will examine in turn the parties' arguments as to the dismissal of each of the four counts of the complaint.

*A.  Count One: Unreasonable Search and Seizures*

Count one of the complaint alleges that the acts of Wagner, Gulas, and John Doe police officers in allowing Ghaster to be charged with criminal violations for which there was no probable cause, in obtaining her cell phone, and in searching her cell phone under false pretenses violated Ghaster's Fourth Amendment right to be free of unreasonable searches and seizures.  It also alleges that Gulas submitted a false affidavit under oath and in support of a search warrant and that this conduct also violated her Fourth Amendment rights.

Defendants argue that this count should be dismissed in its entirety because Ghaster does not sufficiently describe the criminal violations with which she was charged, does not describe those charges which lacked probable cause, fails to recite the proper elements of a Fourth Amendment violation, and fails to describe with sufficient specificity the circumstances of acquiring the cell phone or the nature of the falsity in Gulas's affidavit.  Plaintiffs respond that the complaint sufficiently alleges lack of probable cause for the charges against Ghaster on two counts of disorderly conduct on September 6, 2007 and one count of making false alarms and one count of disorderly conduct on September 11, 2007.  Plaintiffs also respond that the complaint pleads sufficient facts to make an unreasonable seizure plausible with respect to the

-9-

alleged seizure of Ghaster's cell phone.  In their reply, defendants assert that Ghaster was arrested for crimes that were based on probable cause and which resulted in convictions.  Reply, Doc. No. 8, p. 3.  They state:  "Plaintiffs have not alleged that the arrest was triggered *only* as a result of alleged criminal conduct which was unsupported by probable cause . . . ."  *Id.* (emphasis added).

Defendants cite *Jones v. Lewis*, 874 F.2d 1125, 1134 (6th Cir. 1989), in support of the proposition that plaintiff has the burden of alleging all the elements of a *prima facie* case of a violation of the Fourth Amendment.  The citation to *Jones* references the concurring opinion in a case adjudicated in part upon summary judgment and in part upon a jury verdict.  *Jones* is irrelevant to the standard for properly pleading a cause of action in a complaint.  In addition, defendants' position has explicitly been rejected by the Supreme Court.  In *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002), the Court observed that a *prima facie* case is an evidentiary standard, not a pleading requirement.  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Id.* at 511 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).  The proper standard, according to *Twombly*, is whether the complaint alleges sufficient facts to state a claim to relief that is plausible on its face, not whether the complaint pleads the elements of a *prima facie* case.

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."  *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citation omitted).  "Probable cause to make an arrest exists if the

-10-

facts and circumstances within the arresting officer's knowledge 'were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense.'" *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995)  (quoting *Beck v. Ohio*, 379 U.S. 89, 91(1964)) (alteration in original).  In the case of Ghaster's conduct on September 6, 2007 and September 11, 2007, plaintiffs allege that Ghaster was *charged* with disorderly conduct and making false alarms.  While this charge could be the basis for a claim of malicious prosecution in violation of the Fourth Amendment, as discussed below, it is not a sufficient basis for an alleged wrongful seizure.  Ghaster does not allege anywhere in her complaint that she was *arrested* for her conduct on September 6, 2007 and September 11, 2007 in conjunction with the charged misdemeanors that were later dismissed before trial.[2]  Consequently, plaintiffs fail to allege sufficient facts to state a claim for an unreasonable seizure in violation of the Fourth Amendment that is plausible on its face.

Plaintiffs also allege that her Fourth Amendment right to be secure in her effects was violated when an unnamed defendant police officer seized her phone under false pretenses.  Whether a search or seizure of property upon consent is valid depends on

---

[2]  Plaintiffs assert elsewhere in the complaint that Ghaster was arrested without probable cause.  However, plaintiffs make this assertion only in connection with the charges which were later dismissed or resolved in Ghaster's favor.  Ghaster, however, was charged not only with the charges of disorderly conduct and making false alarms arising from Ghaster's conduct on September 6, 2007 and September 11, 2007, but also two counts of violating a protective order (for which there is no allegation of an arrest without probable cause and upon which she was convicted).  Nowhere do plaintiffs allege that Ghaster's arrest resulted directly and solely based upon the dismissed charges related to her conduct on September 6, 2007 and on September 11, 2007.  Perhaps this is only inartful pleading, but plaintiffs are represented by counsel and the complaint must be read as pleaded.  The court cannot rewrite the complaint or asume that certain allegations were intended to be made--particularly as this is platintiffs' "second bite at the apple."

whether the consent was voluntary.  A court determines the degree to which consent is voluntary "under the 'totality of the circumstances, with the government bearing the burden of proof.'  The 'government must show that there was no duress or coercion, express or implied, that the consent was unequivocal and specific, and that it was freely and intelligently given.'"  *United States v. McCurdy*, 40 F.3d 1111, 1119 (10th Cir. 1994) (citations omitted); *see also United States v. Basher*, 629 F.3d 1161, 1167-68 (9th Cir. 2011); *Simmons v. Bomar*, 349 F.2d 365, 366 (1965).

In the present case, plaintiffs allege that the John Doe police officer obtained Ghaster's cell phone by stating falsely that Ghaster had requested the phone and would be allowed to use it in jail.  These alleged facts are sufficient to make plausible that E. Ghaster's consent to the John Doe police officer's obtaining the phone was not intelligently given because it was based upon false statements of fact.[3]

Finally, plaintiffs allege a wrongful search of Ghaster's cell phone based upon Gulas's false statements in his affidavit in support of the search warrant. A plaintiff alleging a wrongful search in violation of the Fourth Amendment must demonstrate that defendants failed to observe the applicable requirements for probable cause and a warrant and that plaintiff had a legitimate expectation of privacy in the place or thing searched.  *See United States v. Barry*, 673 F.2d 912, 916-17 (6th Cir. 1982).  Where there is a search warrant issued by a neutral and detached magistrate, indicating that there is probable cause for the search, officers who rely on that warrant and its finding

---

[3]  Whether the police officer made the alleged statements and whether those statements, under the totality of the circumstances, suffice to make E. Ghaster's consent involuntary is, of course, a question for the trier of fact.

of probable cause are generally insulated from liability pursuant to § 1983 for Fourth

Amendment violations.[4]  *See Hale v. Kart,* 396 F.3d 721, 725 (6th Cir. 2005).  However,

"an officer cannot rely on the judicial determination of probable cause if that officer

knowingly makes false statements and omissions" necessary to the finding of probable

cause.  *See Yancey v. Carroll County, Ky.,* 876 F.2d 1238, 1243 (6th Cir. 1989).  An

officer who obtains a search warrant by making materially false statements in the

affidavit on which the warrant is based may be liable to a plaintiff injured by the warrant

if plaintiff demonstrates that (1) the officer made the false statements knowingly and

intentionally or with a reckless disregard for the truth and (2) setting aside the false

statements, the remainder of the affidavit is insufficient to establish probable cause.  *Hill

v. McIntyre,* 884 F.2d 271, 275 (6th Cir. 1989) (citing  *Franks v. Delaware,* 438 U.S. 154

(1978)).

      In the present case, plaintiffs allege that a John Doe police officer obtained

Ghaster's cell phone under false pretenses and then obtained a warrant to search the

phone based on a false affidavit by Gulas.  Specifically, plaintiffs allege that Gulas made

the following false statements in his affidavit:

      1.      that he had probable cause to believe that the cell phone contained

              evidence of a plan by Ghaster to violate a restraining order, even though

              Gulas later admitted under oath that he had no reasonable cause to

              believe that the phone contained such evidence;

---

      [4]  There is an exception to immunity from liability for officers executing a search
warrant when the warrant is so lacking in indicia of probable cause that a belief in the
existence of probable cause is unreasonable. *Yancey v. Carroll County,* 876 F.2d 1238,
1243 (6th Cir. 1989).  Plaintiffs do not allege this.

2.	that Ghaster had sent faxes to the Rocky River police, Rocky River prosecutor, and city of Rocky River on many occasions regarding Lauries Rauser when Gulas had no evidence that Ghaster had sent such faxes; and

3.	that the cell phone had been given to the police voluntarily, even though he knew that it had been obtained under the false pretense that Ghaster had requested the phone and would be allowed to use it in jail.

The Sixth Circuit has granted dismissal of an allegation of a search warrant obtained by a false affidavit when the plaintiffs "failed to identify any statements in the affidavit they believed were false; failed to identify which state officials, if any, stated a deliberate falsehood or showed reckless disregard for the truth with respect to the application for the warrant; and failed to show how any allegedly false statements were material to a finding of probable cause."  *BPNC, Inc. v. Taft*, 2005 WL 1993426, at *4 (6th Cir. Aug. 16, 2005) (citing *Vakilian v. Shaw,* 335 F.3d 509, 517 (6th Cir. 2003)).  While plaintiffs fail to show how false statements regarding the faxes were material to a finding of probable cause, their complaint identifies both the individual allegedly making the false statements and the nature of those statements.  Gulas's assertion that there was probable cause to believe that the phone contained evidence of a plan to violate a restraining order plausibly satisfies the materiality requirement.[5]  In addition, there is certainly sufficient case law supporting a plausible claim that individuals have a

---

[5]  A better pleading practice would have been to file the entire affidavit and search warrant as an attachment to the amended complaint so this court could review and consider the materiality of those statements and whether they support a plausible Fourth Amendment claim in the context of the entire affidavit and warrant.

-14-

reasonable expectation of privacy in their cell phones.  *See discussion in United States v. Flores-Lopez*, 670 F.3d 803, 805-10 (7th Cir. 2012) (Posner, J.).

Defendants argue that plaintiffs failed to plead that Ghaster had a legitimate expectation of privacy in her phone, thus failing to plead a *prima facie* case.  As already noted, Ghaster is not required to plead a *prima facie* case, only a plausible one.  As the search of cell phones, in this court's experience, is often subject to search warrants, the court concludes that it is at least plausible that Ghaster had a legitimate expectation of privacy in her phone.

In sum, plaintiffs plead a cause of action against Gulas for a violation of Ghaster's Fourth Amendment right to be free of unreasonable searches that is plausible on its face.  Defendants' arguments to the contrary are not well-taken.  Ghaster does not, however, plead a plausible cause of action for a wrongful search in violation of the Fourth Amendment against any other defendant and does not plead a plausible cause of action for a wrongful seizure in violation of the Fourth Amendment against any defendant.[6]

B.   *Count Two:  Malicious Prosecution*

Plaintiffs allege that Wagner, Gulas, Bemer, O'Shea, and John Doe Rocky River police officers are liable for malicious prosecution.  According to plaintiffs, these individual defendants were responsible for making, influencing, or participating in the

---

[6] The only basis for liability against Wagner that can be inferred from the complaint is *respondeat superior.*  However, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*"  *Iqbal*, 129 S.Ct. at 1948.  Consequently, plaintiffs fail to allege a plausible cause of action against Wagner for violating Ghaster's Fourth Amendment rights.

decision to prosecute her without probable cause upon three counts of disorderly

conduct, a count of spreading false rumors, and two counts of violating a protective

order.  According to Ghaster, all these charges were dropped prior to trial or resulted in

an acquittal.  Defendants argue that plaintiffs have failed to state a cause of action for

malicious prosecution because they fail to allege a loss of liberty necessary to a cause

of action for malicious prosecution and fail to indicate why the charges against Ghaster

lacked probable cause.

The Sixth Circuit recognizes a constitutional claim of malicious prosecution under

the Fourth Amendment, encompassing wrongful investigation, prosecution, conviction,

and incarceration.  *Barnes v. Wright,* 449 F.3d 709, 715-16 (6th Cir. 2006).  "The 'tort of

malicious prosecution' is 'entirely distinct' from that of false arrest, as the

malicious-prosecution tort 'remedies detention accompanied not by absence of legal

process, but by *wrongful institution* of legal process.'"  *Sykes v. Anderson*, 625 F.3d

294, 309 (6th Cir. 2010) (quoting *Wallace v. Kato,* 549 U.S. 384, 390 (2007)).  The Sixth

Circuit has determined that the federal cause of action for malicious prosecution has

four elements:  (1) the defendant made, influenced, or participated in a decision to

prosecute the plaintiff; (2) there was a lack of probable cause for the prosecution; (3) as

a result of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the

initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Sykes*, 625 F.3d at 309.  Probable cause exists when the police have "reasonably

trustworthy information sufficient to warrant a prudent man in believing that the [suspect]

had committed or was committing an offense" based on the facts and circumstances

within the knowledge of the police knowledge at the time of the arrest.  *Beck v. Ohio*,

-16-

379 U.S. 89, 91 (1964).

In the present case, plaintiffs allege that Wagner, Gulas, Bemer, O'Shea, and John Doe Rocky River police officers arrested and charged Ghaster upon three counts of disorderly conduct, a count of spreading false rumors, and two counts of violating a protective order.  Plaintiffs do not allege, however, any facts which would make plausible that Ghaster suffered a deprivation of her liberty apart from any initial arrest that may have occurred on some charges.  Plaintiffs do not allege that Ghaster was required to post bond, that the court restricted her travel, that she had to report to a control officer, or any other restriction that would consist of a deprivation of liberty within federal Fourth Amendment jurisprudence.  *See Johnson v. City of Cincinnati*, 310 F.3d 484, 491-93 (6th Cir. 2002) (discussing the restrictions which constitute a deprivation of liberty under the Fourth Amendment).  Absent any allegation in the complaint making plausible a restriction of Ghaster's liberty beyond an initial arrest, Ghaster fails to plead plausible a cause of action for malicious prosecution.

C.   *Count Three:  Alleged Violations of Free Speech Rights*

Count three of the complaint alleges that Rocky River, Wagner, Gulas, and individual John Doe police officers violated Ghaster's right to free speech, as protected by the First Amendment, by charging her with criminal violations without probable cause for Ghaster's calling a neighbor "fat boy" and "little dick."  Defendants contend that plaintiffs fail to plead sufficient facts to demonstrate that Ghaster's speech was protected or that the action taken against Ghaster was sufficient to deter a person of ordinary firmness from engaging in the protected activity.

"[T]he law is settled that as a general matter the First Amendment prohibits

-17-

government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). In general, to state a claim of official retaliation for the exercise of First Amendment rights, "a plaintiff must show that (1) he was participating in a constitutionally protected activity; (2) defendant's action injured plaintiff in a way likely to chill a person of ordinary firmness from further participation in that activity; and (3) in part, plaintiff's constitutionally protected activity motivated defendant's adverse action." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 821 (6th Cir. 2007) (quoting *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)) (internal quotation marks omitted).  For claims of retaliatory inducement of prosecution, the Supreme Court has added a fourth element: a plaintiff must also plead and prove that the prosecution was not supported by probable cause.  *Hartman*, 547 U.S. at 265-66; *see also Barnes v. Wright*, 449 F.3d 709, 719 (6th Cir. 2006).  "Because showing an absence of probable cause will have high probative force, and can be made mandatory with little or no added costs, it makes sense to require such a showing as an element of a plaintiff's case, and we hold that it must be pleaded and proven." *Hartman*, 547 U.S. at 265-66.

Not all speech is protected under the First Amendment, however.  "[P]rotected speech cannot serve as the basis for a violation of [municipal] ordinances."  *Sandul v. Larion,* 119 F.3d 1250, 1256 (6th Cir. 1997).  In particular, "fighting words" are not protected by the First Amendment protection. *Sandul,* 119 F.3d at 1255.  In *Chaplinsky v. New Hampshire,* 315 U.S. 568 (1942), the Supreme Court defined "fighting words" as "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. . . . [S]uch utterances are no essential part of any exposition of ideas, and

-18-

are of such slight social value . . . that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." *Chaplinsky*, 315 U.S. at 572. "Fighting words" are a narrow exception to First Amendment protection, however, consisting solely of "a small class of expressive conduct that is likely to provoke the average person to retaliate, and thereby cause a breach of the peace." *Knight Riders v. City of Cincinnati,* 72 F.3d 43, 46 (6th Cir. 1995). That is, "fighting words" are words which the average person would consider a "direct personal insult or an invitation to exchange fisticuffs." *Texas v. Johnson,* 491 U.S. 397, 409 (1989). The exception to the broad protection offered by the First Amendment for "fighting words" is very limited because it is inconsistent with the general principle of free speech recognized in First Amendment jurisprudence. *Johnson,* 491 U.S. at 408-09; *Terminiello v. Chicago,* 337 U.S. 1, 4 (1949).

Defendants' arguments that plaintiffs fail to plead sufficient facts to demonstrate that Ghaster's speech was protected or that the action taken against Ghaster was sufficient to deter a person of ordinary firmness from engaging in the protected activity are entirely without merit. Plaintiffs are under no obligation to plead facts which would make plausible a contention that their speech is protected under the First Amendment. "Fighting words" are an *exception* to First Amendment protection. That is, First Amendment protection for speech is presumed, and it is defendants' burden to prove otherwise. Thus, state laws, ordinances, and injunctions which criminalize certain forms of speech are presumed invalid, and a state must carry a heavy burden to prove that they are not. *See, e.g., Organization for a Better Austin v. Keefe*, 402 U.S. 415, 418-19 (1971). Thus, defendants' argument that plaintiffs must plead facts which would make

-19-

plausible that certain speech is protected by the First Amendment is not well-taken.

Defendants' argument that plaintiffs must plead facts sufficient to make plausible that the threat of criminal prosecution is sufficient to deter a person of ordinary firmness from engaging in certain speech is without merit.

Where plaintiffs' complaint falls short, however, is in connecting the allegations of the complaint with particular defendants.  The complaint names Rocky River, Wagner, Gulas, and individual John Doe police officers as allegedly violating Ghaster's First Amendment rights.[7]  But the complaint does not allege any acts of Wagner, Gulas, or a John Doe police officer contributing to Ghaster's being charged as a result of the events of September 6, 2007 and September 11, 2007.  The only statement in the complaint connecting Wagner, Gulas, or a John Doe police officer to the charges against Ghaster arising from the events of September 6, 2007 and September 11, 2007 appears in the statement of count two, malicious prosecution:  "The actions of defendants Wagner, Gulas, . . . and John Does 1-10, Rocky River police officers, in making, influencing and/or participating in the decisions to prosecute plaintiff for the charges listed above that were dismissed and/or for which plaintiff was acquitted, constitute malicious prosecution under the Fourth Amendment . . . ."  But these are legal conclusions, not alleged facts.  As *Iqbal* observed, they are "bare assertions, . . . [and] amount to nothing more than a "formulaic recitation of the elements" of a . . . claim."  *Iqbal*, 556 U.S. at 601.  As *Iqbal* found, "It is the conclusory nature of respondent's allegations . . . that

---

[7]  The complaint does not allege that O'Shea violated Ghaster's First Amendment rights by charging her with disorderly conduct and spreading false rumors.  The court presumes that this is because, as prosecutor, O'Shea enjoys absolute immunity from § 1983 claims for his acts in his prosecutorial role.

disentitles them to the presumption of truth." *Id.*

The complaint does not allege any particular acts of Wagner, Gulas, or a John Doe police officer that contributed to Ghaster's being charged as a result of the events of September 6, 2007 and September 11, 2007.  As already noted, the complaint alleges no acts by Wagner whatsoever and is apparently proceeding against him upon the prohibited theory of *respondeat superior*.  The complaint also fails to allege any acts by Gulas related to the charges against Ghaster arising from the events of September 6, 2007 and September 11, 2007.  Plaintiffs even fail to allege any acts by a Rocky River police officer in connection with the charges against Ghaster arising from events of September 6, 2007 and September 11, 2007.  In short, plaintiffs fail to allege any facts which would make plausible the allegation that Wagner, Gulas, or a John Doe policeman influenced or participated in the decision to charge Ghaster in retaliation for her alleged exercise of her First Amendment rights.  For this reason, plaintiffs fail to plead sufficient facts to make plausible a cause of action for a violation of her First Amendment rights against any named individual defendant.  Ghaster's cause of action against Rocky River is discussed below.

D.   *Count Four:  Monell Claim against Rocky River*

Count four of the complaint alleges that Rocky River instituted a policy of harassing the Ghasters.  Defendants argue that plaintiffs plead insufficient facts to state a claim upon which relief can be granted.

A political subdivision is liable for the acts of its employees under § 1983 only for injuries that result from an official policy or from governmental custom, even if that custom has not been formally approved.  *Monell* ., 436 U.S. at 690-91 (1978); *Molton v.*

*City of Cleveland*, 839 F.2d 240, 243-44 (6th Cir. 1988).  "Respondent superior or vicarious liability will not attach under § 1983."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  As "governmental bodies can act only through natural persons, . . . governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988).  A suit against an employee of a political subdivision in the employee's official capacity is treated as a suit against the political subdivision.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).[8]

Under appropriate circumstances, a single decision by a policymaker may be sufficient to satisfy the "policy requirement" of *Monell*.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).  "Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.  The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."  *Id.* at 481-82 (footnote omitted).  The identification of policymaking officials whose words can be said to represent official policy is a question of state law.  *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988).  "Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority . . . ."  *Pembaur*, 475 U.S. at 483 (plurality opinion).  In Ohio, prosecutors and sheriffs are officials responsible

---

[8]  All individual defendants have been sued in their official and individual capacities. As plaintiffs have also named Rocky River as a defendant, the claims against the individual defendants in their official capacities merely restate plaintiffs' claims against Rocky River.

for establishing policy with respect to decisions to prosecute, charge, and arrest, and a

political subdivision may be held liable pursuant to *Monell* for the decisions of those

individuals.  *See id.* at 483-484.

Count four of the complaint alleges the following:

> The actions of defendant City of Rocky River constitute an illegal policy
> and practice in violation of the requirements set forth in *Monell v. New York City
> Dept. of Social Services*, 436 U.S. 658 (1978)[,] in that the City had a policy and
> practice, as outlined above, of targeting plaintiff Pam Ghaster for prosecution even
> in instances when no probable cause existed; of failing to investigate allegations of
> wrongdoing provided by plaintiffs, including witness tampering and witness
> intimidation; of allowing its law enforcement and prosecutorial officials and
> employees to conspire with citizens to target plaintiff for prosecution, all in an effort
> to force plaintiffs out of the neighborhood, contrary to plaintiffs' constitutional right to
> live in a place of their choosing.

Complaint at 15.

Defendants' arguments that count four of the complaint is insufficiently pleaded do

not fairly address the allegations in the complaint.  Defendants argue as follows:

> In this case, Plaintiffs fail to identify which "policy and practice" of the City
> of Rocky River was violated, what the illegal policy was, or which requirements the
> City of Rocky River allegedly violated.  Plaintiffs do not allege sufficient facts that
> indicate the City has a policy or practice of depriving citizens of its Fourth or First
> Amendment Rights beyond a single alleged incident.  See *Williams v. City of
> Cleveland*, 2009 WL 2151778 (N.D. Ohio 2009) (slip copy) (plaintiff failed to state a
> *Monell* claim where he made "no factual allegation that can support the conclusion
> that the City has a policy or custom of ignoring exculpatory evidence and continuing
> with prosecutions").  As such, Count IV of Plaintiffs' Complaint should be dismissed
> as Plaintiffs fail to state a claim upon which relief can be granted.

Motion at 7.

Defendants' contentions that plaintiffs "fail to identify which 'policy and practice' of

the City of Rocky River was violated" and "which requirements the City of Rocky River

allegedly violated" miss the mark.  A *Monell* claim alleges that a prohibited policy was

carried out, not that a policy was violated.  The contention that plaintiffs failed to plead

"what the illegal policy was" is simply wrong.  Plaintiffs clearly specify that the policy was to harass the Ghasters to drive them from Rocky River, and plaintiffs allege the acts by which Rocky River allegedly carried this policy forward.  Finally, defendants' arguments that plaintiffs fail to allege "sufficient facts that indicate the City has a policy or practice of depriving citizens of its Fourth or First Amendment Rights beyond a single alleged incident" ignores the allegations of the complaint.  The complaint does not allege that Rocky River had a policy or practice of depriving its citizens generally of their First or Fourth Amendment rights; it alleges that Rocky River had a policy or practice of depriving *the Ghasters* of those rights.  The complaint alleges, moreover, far more than a single incident by which Rocky River allegedly put this policy or practice into effect. Defendants' arguments regarding the sufficiency of the complaint are without merit.

Nevertheless, as has already been noted, a political subdivision is liable only for the unconstitutional injuries *caused by its employees* pursuant to the subdivision's policy or custom.  *Monell* , 436 U.S. at 690-91 (1978); *Praprotnik*, 485 U.S. at 122.  Rocky River is liable to plaintiffs, therefore, only for constitutional injuries to plaintiffs caused by its employees.  Plaintiffs state a plausible claim alleging a constitutional injury caused by an employee of Rocky River only for the seizure of Ghaster's cell phone by a John Doe police officer and for an unlawful search resulting from Gulas's allegedly false statements to secure a warrant to search the cell phone.  Consequently, those claims alone remain against Rocky River pursuant to *Monell*.

E.  *Conclusion*

The complaint fails to plead sufficient facts to make plaintiffs' claims plausible with respect to the claim in count one for a wrongful search in violation of the Fourth

-24-

Amendment as to all defendants except a John Doe police officer and Gulas, the entirety of the claim in count one for a wrongful seizure in violation of the Fourth Amendment, the entirety of count two's claim for malicious prosecution in violation of the Fourth Amendment, and count three's claim for a violation of Ghaster's First Amendment rights with respect to all individual defendants.  Defendants' arguments as to the remainder of the claims in the complaint are not well-taken.

IV.

The individual defendants assert that they are entitled to qualified immunity against plaintiffs' claims arising under § 1983.[9]  As the only remaining individual defendant in the case is Gulas, the court shall consider qualified immunity with respect to his conduct in the allegedly unconstitutional search of Ghaster's cell phone.

The defense of qualified immunity shields government officials performing discretionary functions where their "conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  This defense "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss."  *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994).

The two-part test for qualified immunity asks (1) whether the facts that a plaintiff has alleged a violation of a constitutional right; and (2) if so, whether the right at issue was clearly established at the time of the defendants' alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232-33 (2009).  The court may consider the two parts of the

---

[9]  Defendants do not assert a defense of absolute immunity on behalf of any individual defendant.

test in any order it deems appropriate, and the court may conclude its analysis upon answering either part of the test in the negative. *Id.* at 239-41.  In determining whether the facts alleged make out a violation of a constitutional right, a court must ask whether, viewed in the light most favorable to plaintiff, the alleged facts show the officer violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194 (2001).  In determining whether the right at issue was clearly established at the time of the defendants' alleged misconduct, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

In the present case, plaintiffs allege that an unnamed Rocky River police officer obtained Ghaster's cell phone from her husband under false pretenses by stating that Ghaster had requested the phone and would be allowed to use it while in jail.  Plaintiffs also allege that Gulas then swore out a false affidavit, stating that he had reason to believe that the phone contained evidence of a plan by Ghaster to violate a restraining order.  Plaintiffs further allege that Gulas later admitted under oath that he had no reasonable cause to believe this.  Plaintiffs also allege that Gulas stated in his affidavit that Ghaster had "on numerous occasions" sent faxes to the Rocky River Police, Rocky River Prosecutor's office, and the City of Rocky River about Laurie Rauser, even though he had no evidence that Ghaster had sent such faxes.  Finally, plaintiffs allege that Gulas stated in his affidavit that plaintiff's cell phone had been given to police voluntarily even though he knew that it had been obtained under false pretenses.  The allegedly false affidavit was used to obtain a search warrant, and the police searched Ghaster's phone.

-26-

It has been the law in the Sixth Circuit at least since 1995 that a waiver of Fourth Amendment rights against seizure must be knowing and voluntary.  *See United States v. Buchanon*, 72 F.3d 1217 (6th Cir. 1995) (finding that defendants had not knowingly and voluntarily waived their Fourth Amendment rights upon the seizure of their persons and a truck).  No reasonable police officer could have believed that falsely telling the owner[10] of a cell phone that another owner had given the police officer permission to obtain the phone was a knowing and voluntary waiver of the right of the owners of the phone against seizure.  Under the facts pleaded in the complaint, plaintiffs have alleged a violation of the Fourth Amendment, and the right at issue was clearly established at the time of the John Doe police officer's alleged misconduct.  For these reasons, plaintiffs have alleged sufficient facts to overcome the John Doe police officer's assertion of qualified immunity at the stage of a motion to dismiss.

Likewise, the Sixth Circuit found in 1985 that an action pursuant to § 1983 lies against a police officer who obtains an invalid search warrant by making in his affidavit material false statements either knowingly or in reckless disregard for the truth.  *Donta v. Hooper*, 774 F.2d 716, 718 (6th Cir. 1985) (relying on *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)); *see also Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989).  In 2003, the Sixth Circuit described such liability as "well-established."  *Johnson v. Hayden*, 2003 WL 21321087, at *4 (6th Cir. June 6, 2003) (citing *Ahlers v. Schebil*, 188

---

[10]  In Ohio, property acquired by either or both spouses during a marriage is marital property, belonging to both spouses jointly.  Ohio Rev. Code § 3105.171(A)(3)(a)(i) & (ii).  Property belonging to either spouse is presumed to be marital property. *Barkley v. Barkley*, 119 Ohio App.3d 155, 160, 694 N.E.2d 989 (1997).

F.3d 365, 373 (6th Cir. 1996), and *Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th

Cir. 1989)).  Thus, under the facts as pleaded in the complaint, plaintiffs have alleged a

violation of the Fourth Amendment and the right at issue was clearly established at the

time of Gulas's alleged misconduct.  Consequently, plaintiffs have alleged sufficient

facts to overcome Gulas's assertion of qualified immunity at the stage of a motion to

dismiss.

V.

For the reasons set forth above, defendants' motion to dismiss should be disposed

of as follows:

1.      GRANTED as to count one, alleging a wrongful search and seizure
        (property) in violation of the Fourth Amendment, with respect to all
        individual defendants except a John Doe police officer and Gulas, and
        DENIED as to a Joe Doe police officer and Gulas;

2.      GRANTED as to count one, alleging a wrongful seizure of the person
        (arrest) in violation of the Fourth Amendment, with respect to all
        defendants;

3.      GRANTED as to count two, alleging malicious prosecution in violation of
        the Fourth Amendment, with respect to all defendants;

4.      GRANTED as to count three, alleging violation of Ghaster's First
        Amendment rights, with respect to all individual defendants;

5.      DENIED as to count four, alleging municipal liability pursuant to *Monell*,
        with respect to Rocky River, with the issue of liability remaining only with
        respect to the seizure of Ghaster's cell phone by a John Doe police officer

-28-

and for an unlawful search resulting from Gulas's allegedly false

statements to secure a warrant to search the cell phone.


Date:  July 18, 2012                                    /s/ Nancy A. Vecchiarelli
                                                        United States Magistrate Judge


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**