**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| PAMELA A. GHASTER, ET AL., ) | CASE NO.1:11CV1422 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| CITY OF ROCKY RIVER, ET AL., ) | OPINION AND ORDER |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Defendants City of Rocky River ("Rocky River"), Donald Wagner ("Wagner"), Carl Gulas ("Gulas"), Andrew Bemer ("Bemer") and Michael O'Shea ("O'Shea") collective Motion to Dismiss Plaintiffs' Refiled Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 3). The Magistrate Judge recommends the Defendants' Motion be granted, in part, and denied, in part, as follows.

    1.    GRANTED as to Count One, alleging a wrongful search and seizure (property) in violation of the Fourth Amendment, with respect to all individual Defendants except a John Doe police officer and Gulas, and

1

        DENIED as to a John Doe police officer and Gulas;

2. GRANTED as to Count One, alleging a wrongful seizure of the person (arrest) in violation of the Fourth Amendment, with respect to all Defendants;

3. GRANTED as to Count Two, alleging malicious prosecution in violation of the Fourth Amendment, with respect to all Defendants;

4. GRANTED as to Count Three, alleging violation of Ghaster's First Amendment rights, with respect to all individual Defendants;

5. DENIED as to Count Four, alleging municipal liability for Rocky River pursuant to *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), with the issue of liability remaining only with respect to the seizure of Ghaster's cell phone by a John Doe police officer and for an unlawful search resulting from Gulas's allegedly false statements to secure a warrant to search the cell phone.

For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation.

## I. PROCEDURAL HISTORY

On September 8, 2009, Plaintiffs filed their Complaint against the Defendants in this Court. *See Ghaster, et al. v. City of Rocky River, et al.*, Case No. 1:09-cv-2080 (2010). Defendants moved to dismiss the Complaint, and the Court found that the federal allegations failed to state a claim plausible on its face and dismissed those claims without prejudice. The Court refused to exercise supplemental jurisdiction over Plaintiffs' state law claims and

dismissed those claims without prejudice.

On July 12, 2011, Plaintiffs initiated the present action against the Defendants. In their Complaint (Doc. 1), Plaintiffs assert against the individual Defendants, pursuant to 42 U.S.C. § 1983, causes of action for unreasonable searches and seizures in violation of the Fourth Amendment, a violation of Ghaster's free speech rights under the First Amendment, and malicious prosecution. Plaintiffs again assert liability against Rocky River pursuant to § 1983 and *Monell*. Defendants moved to dismiss Plaintiffs' claims pursuant to R. 12(b)(6). Plaintiffs filed a Response to Defendants' Motion to Dismiss (Doc. 7), and Defendants filed a Reply Brief in Support (Doc. 8).

In addition, the Plaintiffs filed Objections to the Magistrate Judge's Report and Recommendation (Doc. 14), to which the Defendants filed a Response (Doc. 19). The Defendants filed their own Objections to the Magistrate Judge's Report and Recommendation (Doc. 17), to which the Plaintiffs filed a Response (Doc. 18).

## II. FACTS

The Complaint alleges that on September 6, 2007, Rocky River charged Ghaster with two counts of disorderly conduct for allegedly yelling "coarse and abusive language." According to Plaintiffs, a neighbor called Ghaster a "vulgar name for a female body part," to which Ghaster responded by calling her neighbor "fat boy" and "little dick." Complaint at 5. Ghaster was charged with two counts of misdemeanor disorderly conduct, based on the allegation that Ghaster's remarks had been heard by two neighbors. Plaintiffs allege that the prosecutor did not present the charge to a grand jury and that there was no probable cause to believe a crime had been committed because Ghaster's speech was protected by the First Amendment. Plaintiffs

further allege that the prosecutor dismissed the charges on the day of trial.

Plaintiffs also allege that on September 11, 2007, Rocky River charged Ghaster with making false alarms and disorderly conduct, both misdemeanor offenses. Plaintiffs contend that Ghaster discovered from public records that the boyfriend of a neighbor had a police record and that there was a warrant out for his arrest. Ghaster told this to another neighbor, who in turn told additional neighbors "but embellished the story." Complaint at 6. According to Plaintiffs, police investigated this incident without talking to the neighbor to whom Ghaster first gave the information. Plaintiffs again allege that O'Shea did not present the charge to a grand jury, that there was no probable cause to believe a crime had been committed because Ghaster's speech was protected by the First Amendment, and that O'Shea dismissed both charges the day of trial.

During the period in which the above incidents occurred, Ghaster was tried and convicted of menacing by stalking, obstruction of official business, and intimidation of a witness. She was sentenced to and served more than six months in jail. Ghaster further alleges that Rocky River also charged her with other offenses that either resulted in acquittals or dismissals.

Ghaster alleges that after she was arrested, a John Doe Rocky River police officer approached E. Ghaster and told him that Ghaster had requested her cell phone and that she would be allowed to use the phone. E. Ghaster gave the officer the phone. According to Ghaster, Gulas then swore out a false affidavit, swearing that he had reason to believe that the phone contained evidence of a plan by Ghaster to violate a restraining order. Ghaster alleges that Gulas later admitted under oath that he had no reasonable cause to believe this. Plaintiffs also allege that Gulas stated in his affidavit that Ghaster had "on numerous occasions" sent faxes to the Rocky River Police, Rocky River's prosecutor's office, and the City of Rocky River about Laurie

4

Rauser, even though he had no evidence that Ghaster had sent such faxes. Finally, Plaintiffs allege that Gulas stated in his affidavit that Plaintiff's cell phone had been given to police voluntarily, even though he knew it had been obtained under false pretenses. The allegedly false affidavit was used to obtain a search warrant, and the police searched Ghaster's phone. They did not find any evidence of wrongdoing. No affidavits or records were attached to the Complaint.

Ghaster further alleges that, in addition to initiating and continuing criminal prosecutions against her without probable cause, one or more Defendants also left documents containing Ghaster's private information, including her social security number and information documenting her work as an informant for other law enforcement agencies, in a box of records made available to the public for inspection; and published in public court records private law enforcement records regarding Ghaster. In addition, Ghaster alleges the following:

1. Bemer and private citizens attempted to persuade a witness, Ed Abel ("Abel"), not to testify on Ghaster's behalf in a criminal proceeding, and Bemer offered to bring Abel to the police station to explain why he was on the "wrong side of the issue." Complaint at 8. According to Plaintiffs, Abel took this as an attempt to intimidate him from testifying;

2. An unknown Rocky River police officer examined Ghaster's medical records, without permission, while Ghaster was hospitalized and in police custody;

3. Rocky River refused to investigate instance of vandalism of Plaintiffs' property;

4. Rocky River refused to arrest, hold, or identify an individual they found trespassing on the Plaintiffs' property;

5. Rocky River, Bemer, Wagner, and O'Shea failed to investigate instances of

5

       individuals attempting to tamper with witnesses for the Plaintiffs in criminal matters;

6. After attempts to intimidate the Plaintiffs' witnesses were made public, O'Shea sent an e-mail to Gulas and Wagner, saying, "I need to put a lid on this ASAP";

7. An anonymous letter alleged that O'Shea, Wagner, and other Rocky River officials encouraged citizens to send anonymous threatening letters to and about the Plaintiffs to get them to move;

8. O'Shea stepped outside his capacity as a prosecutor to serve as an administrator and investigator in assembling cases against Plaintiffs.  This included e-mailing Bemer, Gulas, and Wagner to "put a lid on" allegations of witness intimidation, telling Gulas not to bring to court documents that Plaintiffs had subpoenaed; and

9. O'Shea and Bemer received an anonymous letter from a group calling itself "Villagers of South Island," alleging that the writers were working in co-operation with the Rocky River police and prosecutor to monitor Ghaster's comings and goings.

Ghaster asserts that these acts violated her constitutional rights, including her right not be prosecuted without probable cause, her First Amendment right of free speech, and her Fourth Amendment right to be free of unreasonable searches and seizures.  Ghaster alleges that Defendants wrongfully conspired to violate these rights.

### III.  LAW AND ANALYSIS

**A. Civil Rule 72(b) Standard**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall

review *de novo* any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to. Failure to make a timely objection to any aspect of the Report and Recommendation may waive the right to appellate review of the District Court's order. *US v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) reads in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the Magistrate Judge.

### B. Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under R. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.*, at 555... A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks
...

for more than a sheer possibility that a Defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geagua Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plausibility requires more than facts which permit the mere possibility of liability. Rather, Plaintiff must plead sufficient facts to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. A plaintiff who pleads facts that are "merely consistent with a defendant's liability... stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

## IV. PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs raise several objections to the Report and Recommended Decision of the Magistrate Judge.

**A. The Magistrate Judge's Dismissal of Plaintiffs' Unreasonable Search and Seizure (person) Claims against Police Chief Wagner, Gulas, and John Doe Rocky River Police**

8

**Officers**

Plaintiffs' First Objection to the Magistrate Judge's Report and Recommended Decision challenges dismissing the part of Count One dealing with the criminal charges against Pam Ghaster without probable cause.  Plaintiffs assert that they plead sufficient facts to survive a Motion to Dismiss or, in the alternative, the Court should take judicial notice of the publicly accessible dockets from Plaintiffs' first lawsuit, which referred specifically to when and why Ghaster was arrested by Rocky River police officers.  Plaintiffs' Objections are without merit.

As the Magistrate Judge correctly explains, "a false arrest claim under federal law requires a Plaintiff to prove that the arresting officer lacked probable cause to arrest the Plaintiff."  *Sykes v. Anderson*, 625 F.3d 295, 305 (6th Cir. 2010) (citation omitted).  Plaintiffs' Complaint "does not allege... that she was *arrested* for her conduct on September 6, 2007, and September 11, 2007, in conjunction with the charged misdemeanors that were later dismissed before trial." (Report and Recommendation, Doc. 13)(emphasis in original).  Rather, Count One deals with "the actions of Wagner and Gulas and John Doe police officers... in participating in and/or allowing Plaintiff Pam Ghaster to be *charged* with criminal violations which were not supported by probable cause..." (Report and Recommendation, Doc. 13) (emphasis added).  Count One of the Complaint makes no mention of any arrest resulting from the charges for "criminal violations which were not supported by probable cause."  Any arrest pertaining to Pamela Ghaster is not mentioned until Count Two in her claim for malicious prosecution, at which point it is unclear as to whether the mentioned arrests referred to the claims in Count Two.

Plaintiffs object to the dismissal, claiming that the Court can "take judicial notice of the publicly-accessible dockets for State v. Ghaster, Rocky River Municipal Court Case Nos. 07-

CRB-2036 and 07-CRB-1992.  Allegedly, these dockets contain sufficient public information that shows Ghaster was "directly and solely" arrested for her actions on September 6 and September 11, 2007.

Plaintiffs' reliance on the doctrine of judicial notice is misplaced.  "A court may judicially notice a fact that is not subject to reasonable dispute because it... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b).  "Public record and government documents are generally considered 'not to be subject to reasonable dispute.'" *U.S. ex rel. Dingle v. Bioport Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mich. 2002) (citing *Grimes v. Navigant Consulting, Inc.*, 185 F.Supp.2d 906, 913 (N.D.Ill.2002) (taking judicial notice of stock prices posted on a website); *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F.Supp.2d 276, 287 (E.D.N.Y.2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration)).  Plaintiffs are correct in asserting that a court docket is the type of public document that is not reasonably open to dispute.

However, in order for the Court to take judicial notice of a public document, Plaintiff must either refer to or attach the public record to the Complaint.  "Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).  "However, a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to the Defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673 (6th Cir. 2011).

In the present matter, Plaintiffs failed to attach the particular public documents to their

Complaint, or refer to the same in the Complaint. Additionally, the state court dockets were not mentioned until Plaintiffs' Objections to the Magistrate's Report and Recommendation, so Plaintiffs could not assert that such documents were "referred to in the complaint and central to the claims contained therein." *Id.* Judicial notice should not be used as an end-around for federal pleading requirements, and must not be observed here. The Court finds that the Plaintiffs' First Objection is without merit.

**B. The Magistrate Judge's Dismissal of the Plaintiffs' Malicious Prosecution Against Wagner, Gulas, Bemer, O'Shea, and John Doe Rocky River Police Officers**

Plaintiffs' Second Objection to the Magistrate Judge's Report and Recommended Decision is that the Magistrate Judge incorrectly determined that the Complaint did not plead enough factual specificity to show that Pamela Ghaster "suffered a deprivation of ... liberty apart from any initial arrest that may have occurred on some charges." (Report and Recommendation at 17, Doc. 3). Plaintiffs claim that the Complaint did enough to state such a deprivation or, in the alternative, the Judge could take judicial notice of the Rocky River Municipal Court rules, as well as the Court docket, to determine that Ghaster had suffered a deprivation of liberty. Plaintiffs' Objections are not well taken, and the Magistrate's Judge's Report and Recommendation, with regard to the count of malicious prosecution, is adopted.

The Sixth Circuit recognizes a constitutional claim of malicious prosecution under the Fourth Amendment, encompassing wrongful investigation, prosecution, conviction, and incarceration. *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006). "The tort of malicious prosecution is 'entirely distinct' from that of false arrest, as the malicious prosecution tort 'remedies detention accompanied not by the absence of legal process, but by *wrongful institution*

11

of legal process.'" *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)). The Sixth Circuit has determined that the federal cause of action for malicious prosecution has four elements: (1) the Defendant made, influenced, or participated in a decision to prosecute the Plaintiff; (2) there was a lack of probable cause for the prosecution; (3) as a result of a legal proceeding, the Plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the Plaintiff's favor. *Sykes*, 625 F.3d at 309.

Plaintiffs fail to allege sufficient facts that would make it plausible that Ghaster suffered a deprivation of her liberty apart from any initial arrest that may have occurred. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Here, the Plaintiffs simply stated "Plaintiff suffered loss of liberty" with no accompanying fact plausibly showing such a loss of liberty. Without any accompanying fact, Plaintiffs' Complaint falls under the category of "formulaic recitation" of elements that *Twombly*'s pleading requirements seeks to avoid.

Plaintiffs would have the Court look to the Rules of the Rocky River Municipal Court, which would reveal that "any criminal defendant who is charged with a crime must appear at an arraignment, post bond, appear at pre-trials, and must be subject to whatever other pre-trial restrictions, including travel restrictions, the Court places upon the defendant when police and/or prosecutor file misdemeanor charges." (Plaintiffs Objections, Doc. 14 at 6). In the alternative, Plaintiffs would have the Court look at the municipal court docket to show that Ghaster was

12

required to do the aforementioned activities, which could plausibly constitute a deprivation of her liberty beyond her initial seizure.  However, as previously stated, the Court is not compelled to take judicial notice of documents that are not attached to, nor mentioned and explicitly relied upon, in the Complaint.  Such a holding would create an end-around of the pleading requirements set out in *Twombly* and *Iqbal*.  The Court holds that the Plaintiffs' Second Objection is without merit.

**C.  The Magistrate Judge's Dismissal of Plaintiffs' Free Speech claims against Rocky River, Wagner, Gulas, and John Does 1-10**

Plaintiffs' Third Objection to the Magistrate Judge's Report and Recommendation is that the Magistrate Judge incorrectly determined that the Complaint "[did] not allege any acts of Wagner, Gulas, or a John Doe police officer contributing to Ghaster's being charged as a result of the events of September 6, 2007 and September 11, 2007." (Report and Recommendation, at 20).  Plaintiffs assert that requiring her to plead with more factual specificity at this stage would place an unfair burden upon them to provide the detail or have the case dismissed.  Plaintiffs' Objection is without merit.

In order to state a claim of official retaliation for the exercise of First Amendment rights, "a plaintiff must show that (1) he was participating in a constitutionally protected activity; (2) Defendant's action injured Plaintiff in a way likely to chill a person of ordinary firmness from further participation in that activity; and (3) in part, Plaintiff's constitutionally protected activity motivated Defendant's adverse action." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 821 (6th Cir. 2007).  For claims of retaliatory inducement of prosecution, the Supreme Court has added a fourth element: a Plaintiff must also plead and prove

13

that the prosecution was not supported by probable cause. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

However, Plaintiffs failed to allege any particular facts that would make it plausible that Wagner, Gulas, or any John Doe police officer violated any of Ghaster's First Amendment rights. Rather, the Complaint states legal conclusions that, as previously stated, are not sufficient to survive a motion to dismiss.

Plaintiffs' claim that "naming the people (or the entity) responsible for the criminal charges that [P]laintiff alleges" would be enough to survive a motion for summary judgment. Unfortunately, even these statements are no more than a generic reference to any participation in the alleged acts by virtue of each of the Defendants' job positions. No language in the Complaint links any specific acts of Wagner, Gulas, or a police officer in the restraining or violation of Ghaster's First Amendment rights. Plaintiffs' Third Objection is not well-taken.

**D. The Magistrate Judge's Dismissal of Plaintiffs' *Monell* Claim Against the City of Rocky River**

Plaintiffs' Fourth Objection to the Magistrate Judge's Report and Recommendation is that the Magistrate Judge erred when the Judge dismissed Plaintiffs' *Monell* claims after dismissing their corresponding unreasonable search and seizure, malicious prosecution, and First Amendment claims. Plaintiffs believe that even if the claims against individual Defendants are dismissed, the acts of those Defendants should still remain as evidence of a *Monell* claim against Rocky River. However, Plaintiffs misinterpret the law of *Monell* and its progeny, and their Objection is not well-taken.

A political subdivision is liable for the acts of its employees under § 1983 only for

injuries that result from an official policy or from governmental custom, even if that custom has not been formally approved. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). "Respondeat superior will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). As "governmental bodies can act only through natural persons, governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988). A suit against an employee of a political subdivision, in the employee's official capacity, is treated as a suit against the political subdivision. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The reasoning behind Plaintiffs' Objection is unclear. The Magistrate Judge, in her Report and Recommendation, said that the *Monell* claim remained against Rocky River with relation to the plausibly unconstitutional seizure of Ghaster's cell phone by a police officer, and for the plausibly unlawful search resulting from Gulas's allegedly false statements to secure a warrant. All other *Monell* claims fell away upon the Magistrate Judge's determination that Plaintiffs malicious prosecution, First Amendment, and Fourth Amendment unlawful arrest claims were determined to be insufficiently plead. The Magistrate Judge's reasoning is clear: "[A] political subdivision is liable only for the unconstitutional injuries *caused by its employees* pursuant to the subdivision's policy or custom." (R&R, at 24). Since the dismissed claims did not plausibly state any constitutional violation, those claims could not support a *Monell* claim against a municipality.

Plaintiffs' Objection fails to recognize this point. Plaintiffs believe that these acts should remain as evidence of constitutional violations on behalf of Rocky River pursuant to *Monell*.

15

However, evidence of constitutional violations, pursuant to *Monell,* at the pleading stage must consist of *plausible constitutional violations* by officers of the municipality that directly injure the Plaintiff. Since these claims were dismissed, they cannot support a finding of liability pursuant to *Monell* against Rocky River. Plaintiffs' Fourth Objection is without merit.

## V. DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants Rocky River and Carl Gulas raise three Objections to the Magistrate Judge's Report and Recommendation, but this Court only needs to deal with one of them.

**A. Plaintiffs Fail to Allege a Plausible Unconstitutional Search and Seizure of Plaintiff's Cell Phone in the Context of the Entire Affidavit and Warrant at Issue**

Defendants' First Objection to the Magistrate Judge's Report and Recommendation is that the Magistrate Judge incorrectly determined that the Plaintiffs sufficiently plead a claim for unreasonable search and seizure with regard to Gulas's allegedly false statements made in obtaining a warrant.

Defendants attempt to rely on an affidavit that was not attached to the pleadings to show that Plaintiffs were misreading Gulas's testimony with regard to obtaining the warrant. However, as previously noted, in order for the Court to take judicial notice of an affidavit or document, it has to either be attached to a complaint or motion or referred to and relied on explicitly in the complaint or motion. *Rondigo,* 641 F.3d 673. Here, the first explicit mention of the affidavit was in the objections, and therefore, cannot be considered on a motion to dismiss. Defendants' Objection is without merit, and Plaintiffs have sufficiently plead a claim for unreasonable search and seizure with regard to Gulas's obtaining a warrant using false testimony.

16

Since Plaintiffs did plead a sufficient claim against Gulas and the John Doe police officers, the *Monell* claim against the City of Rocky River remains. Defendants' second Objection is without merit. Defendant's third Objection to qualified immunity is also without merit for the same reason.

### VI.  QUALIFIED IMMUNITY

Neither party objected to the Magistrate Judge's application of law with regard to qualified immunity. The parties' object to the Magistrate Judge's ruling on qualified immunity solely on the basis of whether or not a party remains in the litigation. All objections for qualified immunity are without merit since Plaintiffs claims against all parties other than Gulas and John Doe Police Officers are without merit and the Defendants did not challenge the legal analysis of Gulas' and John Doe Police Officers' qualified immunity analysis.

### VIII.  CONCLUSION

This Court adopts Magistrate Judge's Report and Recommendation in whole.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated:  September 26, 2012**